In the Matter of the Accounting of ARTHUR GWYNNE et al., as Trustees under the Will of FREDERICK W. GWYNNE, Deceased, Appellants. FREDERICK KATZ, as Special Guardian for GWENDOLYN DE CLAIRVILLE and Others, Infants, and on Behalf of LYNDON L. PEARSON, Respondent.

First Department, June 21, 1954.

*John H. Schmid* of counsel (*Claude Douthit, Jr.,* with him on the brief; *Burke & Burke,* attorneys), for appellants.

*Frederick Katz,* respondent in person.

Dore, J. P. The issue presented is the proper construction of those parts of the will of the testator, Frederick Walker Gwynne, in one part of which (Article Tenth) the testator directs that his fiduciaries "shall not *make* any investment * * * in any common or preferred stock" (italics throughout ours); and in another part of which (Article Eleventh) he expressly authorized and empowered his fiduciaries to *re*invest (under conditions stated) in other securities including stocks. As Article "Eleventh" was made "Subject to the directions" in Article "Tenth", the learned Surrogate held that the fiduciaries had no power to invest or reinvest in any preferred or common stock.

The trustees appeal contending that when a contradiction exists on the face of a will, the court should resolve it so as to carry out the testator's primary intention; and that in this case the testator clearly intended to provide primarily for the life tenants of the trust, his wife and son, and, accordingly, so as to get the highest possible income for those for whom the testator intended primarily to provide, his fiduciaries should be authorized to invest in preferred and common stocks.

In Article Tenth the testator directed his fiduciaries to retain as investments the securities in which his estate was invested at the time of his death "until they deem a change to be the best interests" of the testator's estate. He then explicitly defined the word "securities" to include "stocks" which concededly means preferred and common stock. Indeed, it is claimed without denial that the greater part of the estate at the date of death was invested in preferred and common stocks. In subparagraph "f" of Article Tenth, he then directed, so far as relevant, that neither his executors nor trustees "shall *make* any investment * * * in any common or preferred stock."

In Article Eleventh, so far as relevant the testator expressly authorized and empowered his executors and trustees in their discretion: "to sell * * * the securities left by me or acquired by them as investments and to invest and reinvest the proceeds * * * in securities which shall at the time be legal in the State of New York, or in the State of New Jersey for trustees' investments, except that the proceeds of sale of any security authorized hereby to be held by my Executors or Trustees may be invested in another security of equal or senior rank in the same company whether or not it be legal for trustees' investments."

Giving effect to every relevant clause of the will and seeking to reconcile the apparent contradictory clauses on the face of the document so as to ascertain and give full effect to the ultimate intention of the testator, we think the proper construction of the clauses in question is as follows: (1) the trustees are *directed* to retain as investments the securities (defined to include "stocks") in which the testator's estate was invested at the time of death and the executors and trustees are *directed not* to make any *original* investment "in any common or preferred stock" (Article Tenth); but (2) as to *re*investments (i.e., after sale of securities left by the testator or acquired by the fiduciaries) the fiduciaries are expressly authorized and empowered to *re*invest the proceeds of such sales in securities legal at the time in the State of New York or the State of New Jersey for trustees' investments but the proceeds of sale of any security purchased by the testator and authorized to be held, may be *re*invested in another security of equal or senior rank in the same company whether or not it be legal for trustees' investments (Article Eleventh).

In construing the will to give the fiduciaries the right to make *original* as well as *re*investments in common or preferred stock, the fiduciaries, we think, fail to give proper effect to the direction in Article Tenth. On the other hand, in holding that *all* investments and reinvestments in preferred or common stock are prohibited by the terms of the will, the learned Surrogate inadvertently failed to give proper effect to the express and specific authorization given by the explicit language of Article Eleventh.

We consider that our construction gives proper effect to both clauses resolving the apparent contradiction on the face of the document and carrying out the testator's ultimate intention. The intent of the testator is explicitly clear that in the first instance he desired his fiduciaries to *retain* the investments he had made including his investments in preferred and common stocks until in their discretion they should be sold. He also intended with respect to *original* investments that the trustees should not be permitted on their own initiative to purchase with trust funds preferred and common stock. However, with obvious confidence in the financial soundness of the companies in which the testator himself had invested, he expressly authorized his trustees to *re*invest the proceeds of the sale of any such securities in another security including stocks of equal or senior rank in the same company whether or not legal as trustees' investments.

The decree, so far as appealed from by the fiduciaries, should be modified accordingly.

In view of the closeness of the issue presented by reason of the superficial contradiction in the clauses of the will, the necessity for judicial interpretation, and the lack of any claim of bad faith or self-enrichment by the fiduciaries, the modification directed herein should be with costs payable out of the fund to petitioners-appellants, the trustees, and also with such costs to each party filing a brief herein. Settle order.

CALLAHAN, BASTOW and BOTEIN, JJ., concur; COHN, J., dissents and votes to affirm in all respects.

Decree, so far as appealed from, modified in accordance with the opinion herein and, as so modified, affirmed, with costs payable out of the fund to petitioners-appellants, the trustees, and also, with such costs to each party filing a brief herein. Settle order on notice.